# IN THE COURT OF APPEALS OF IOWA

No. 17-0895
Filed May 16, 2018

**RONALD DEAN KELLY, JR.,**
Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
Respondent-Appellee.

_____

Appeal from the Iowa District Court for Polk County, Paul D. Scott, Judge.

Ronald Kelly appeals the summary dismissal of his postconviction-relief application. **AFFIRMED.**

Randall L. Jackson of Law Office of Randall L. Jackson, Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Genevieve Reinkoester, Assistant Attorney General, for appellee State.

Considered by Vaitheswaran, P.J., Potterfield, J., and Scott, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2018).

**SCOTT, Senior Judge.**

On May 12, 2015, the district court imposed sentence on Ronald Kelly's conviction of second-degree robbery. Kelly was sentenced to an indeterminate term of incarceration not to exceed ten years, with a mandatory minimum of seven years. In September 2016, Kelly filed an application for postconviction relief (PCR), arguing equal protection requires his sentence to be reconsidered in light of the legislature's recent amendment of Iowa Code section 902.12 (2016).[1] The State moved for summary dismissal, contending the amendment to section 902.12 could only be applied prospectively. Kelly resisted summary dismissal, arguing the different treatment resulting from the legislative amendment violates equal protection and the amendment should be applied retroactively. The district court granted the State's motion for summary dismissal, concluding the new statute does not apply retroactively. The court did not address Kelly's equal-protection claim.

Kelly appeals. He contends the district court erred in finding no genuine issue of material fact pertaining to his claim the sentence imposed upon his underlying conviction was unconstitutional as in violation of his right to equal protection. He specifically argues that all individuals serving a sentence for the

---

[1] *Compare* Iowa Code § 902.12(5) (2016) ("A person serving a sentence for conviction of the following felonies . . . shall be denied parole or work release unless the person has served at least *seven-tenths* of the maximum term of the person's sentence: . . . . Robbery in the first or second degree in violation of section 711.2 or 711.3." (emphasis added)), *with* Iowa Code § 902.12(3) (2017) ("A person serving a sentence for conviction for robbery in the second degree in violation of section 711.3 for a conviction that occurs on or after July 1, 2016, shall be denied parole or work release until the person has served between *one-half and seven-tenths* of the maximum term of the person's sentence as determined under section 901.11, subsection 3." (emphasis added)), *and id.* § 901.11(3) (providing sentencing courts discretion in determining "when a person convicted of robbery in the second degree . . . shall first become eligible for parole or work release within the parameters specified in section 902.12, subsection 3").

crime of second-degree robbery are similarly situated, but individuals who are convicted of the crime before July 1, 2016 are treated differently for parole and work-release purposes than individuals who are convicted on or after July 1, 2016, and such different treatment violates equal protection.

We note from the outset our agreement with the State that Kelly failed to preserve error on the claim he raises on appeal, as the district court never ruled upon Kelly's equal-protection claim and Kelly thereafter failed to request a ruling on the issue. *See Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002) ("It is a fundamental doctrine of appellate review that issues must ordinarily be both raised and decided by the district court before we will decide them on appeal. . . . When a district court fails to rule on an issue properly raised by a party, the party who raised the issue must file a motion requesting a ruling in order to preserve error for appeal.").

In any event, a panel of this court recently considered and rejected an argument identical to Kelly's, that "a person convicted of second-degree robbery prior to July 1, 2016, is similarly situated to any person convicted of second-degree robbery on or after July 1, 2016," and equal protection requires such individuals "to be treated alike under the amendment to section 902.12." *See generally Clayton v. Dist. Ct.*, 907 N.W.2d 824, 825–30 (Iowa Ct. App. 2017), *further review denied* (Jan. 16, 2018) We agree with *Clayton* and affirm the summary dismissal of Kelly's PCR application without further opinion pursuant to Iowa Court Rule 21.26(1)(c) and (e).

**AFFIRMED.**